UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INNOVATIVE WIRELESS SOLUTIONS, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SMC NETWORKS, INC.,<br><br>　　　　Defendant. | Case No. 13-cv-01866-RGA<br><br>JURY TRIAL DEMANDED |

**DEFENDANT SMC NETWORKS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF INNOVATIVE WIRELESS SOLUTIONS, LLC'S COMPLAINT FOR
PATENT INFRINGEMENT**

Defendant SMC Networks, Inc. ("SMC") respectfully files this Answer and Affirmative Defenses to Plaintiff Innovative Wireless Solutions, LLC's ("IWS") Complaint for Patent Infringement ("Complaint"):

## ANSWER

### Nature of the Action

1.　　　SMC admits that the Complaint purports to state an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

### Parties

2.　　　SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3.　　　SMC admits the allegations of Paragraph 3 of the Complaint.

**Jurisdiction and Venue**

4.       SMC admits that the Complaint purports to state this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.       SMC admits that it is organized under the laws of the State of Delaware and that it regularly conducts business in this Judicial District but denies the remaining allegations in Paragraph 5 of the Complaint.

6.       SMC admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b).

**The Patents-in-Suit**

7.       SMC incorporates by reference its responses to Paragraphs 1 through 6 above.

8.       SMC admits that United States Patent Number 5,912,895 (the "'895 Patent"), is entitled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES" and that it purports to have issued by the United States Patent and Trademark Office on June 15, 1999, but SMC denies that it was duly and legally issued.  SMC admits that Exhibit A to the Complaint appears to be a true and correct copy of the '895 Patent.

9.       SMC admits that United States Patent Number 6,327,264 (the "'264 Patent"), is entitled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES" and that it purports to have issued by the United States Patent and Trademark Office on December 4, 2001, but SMC denies that it was duly and legally issued.  SMC admits that Exhibit B to the Complaint appears to be a true and correct copy of the '264 Patent.

10.       SMC admits that United States Patent Number 6,587,473 (the "'473 Patent"), is entitled "INFORMATION NETWORK ACCESS APPARATUS AND METHODS FOR

COMMUNICATING INFORMATION PACKETS VIA TELEPHONE LINES" and that it purports to have issued by the United States Patent and Trademark Office on July 1, 2003, but SMC denies that it was duly and legally issued.  SMC admits that Exhibit C to the Complaint appears to be a true and correct copy of the '473 Patent.

11.     SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and therefore denies them.

### Count I – Infringement of U.S. Patent No. '895

12.     SMC incorporates by reference its responses to Paragraphs 1 through 11 above.

13.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of infringing one or more claims of the '895 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the "'895 Patent Accused Products") to provide wireless Internet access.

14.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC products of infringing claim 48 of the '895 Patent, alleging as an example infringement in the manner described in Paragraph 14 of the Complaint.

15.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of inducing infringement of the '895 Patent under 35 U.S.C. § 271(b) as described in Paragraph 15 of the Complaint.

16.     SMC admits that received a letter from IWS dated October 18, 2013 in which IWS accused SMC of contributing to infringement of the '895 Patent under 35 U.S.C. § 271(c) as described in Paragraph 16 of the Complaint.

17.     SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies them.

18.     SMC denies the allegations in Paragraph 18 of the Complaint.

19.     SMC denies the allegations in Paragraph 19 of the Complaint.

20.     SMC denies the allegations in Paragraph 20 of the Complaint.

21.     SMC denies the allegations in Paragraph 21 of the Complaint.

22.     SMC denies the allegations in Paragraph 22 of the Complaint.

### Count II (Infringement of the '264 Patent)

23.     SMC incorporates by reference its responses to Paragraphs 1 through 22 above.

24.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of infringing one or more claims of the '264 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the "'264 Patent Accused Products") to provide wireless Internet access.

25.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC products of infringing claim 5 of the '264 Patent, alleging as an example infringement in the manner described in Paragraph 25 of the Complaint.

26.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of inducing infringement of the '264 Patent under 35 U.S.C. § 271(b) as described in Paragraph 26 of the Complaint.

27.     SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28.     SMC denies the allegations in Paragraph 28 of the Complaint.

29.     SMC denies the allegations in Paragraph 29 of the Complaint.

30.     SMC denies the allegations in Paragraph 30 of the Complaint.

31.     SMC denies the allegations in Paragraph 31 of the Complaint.

**Count III (Infringement of the '473 Patent)**

32.     SMC incorporates by reference its responses to Paragraphs 1 through 31 above.

33.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of infringing one or more claims of the '473 Patent by making, using, offering for sale, selling, and/or importing wireless access points and/or routers capable of connecting to an Ethernet network and an IEEE 802.11 wireless network (the "'473 Patent Accused Products") to provide wireless Internet access.

34.     SMC admits that received a letter from IWS dated October 18, 2013 in which IWS accused SMC products of infringing claim 40 of the '473 Patent, alleging as an example infringement in the manner described in Paragraph 34 of the Complaint.

35.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of inducing infringement of the '473 Patent under 35 U.S.C. § 271(b) as described in Paragraph 35 of the Complaint.

36.     SMC admits that it received a letter from IWS dated October 18, 2013 in which IWS accused SMC of contributing to infringement of the '473 Patent under 35 U.S.C. § 271(c) as described in Paragraph 36 of the Complaint.

37.     SMC lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and therefore denies them.

38.      SMC denies the allegations in Paragraph 38 of the Complaint.

39.      SMC denies the allegations in Paragraph 39 of the Complaint.

40.      SMC denies the allegations in Paragraph 40 of the Complaint.

41.      SMC denies the allegations in Paragraph 41 of the Complaint.

42.      SMC denies the allegations in Paragraph 42 of the Complaint.

## Jury Demand

SMC admits that the Complaint includes a demand for a trial by jury.

## Response to Prayer for Relief

SMC denies the allegations in the Prayer for Relief of the Complaint and that IWS is entitled to any relief against SMC.

## AFFIRMATIVE DEFENSES

SMC asserts the following defenses, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.  In addition to the defenses described below, SMC specifically reserves the right to allege additional affirmative defenses that become known through the course of discovery.

## First Affirmative Defense (Invalidity)

1.      The asserted claims of the '895 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

2.      The asserted claims of the '264 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

3.      The asserted claims of the '473 patent are invalid for failure to satisfy the requirements of 35 U.S.C. §§ 101, 102, 103, and 112.

## Second Affirmative Defense (Waiver, Estoppel, & Laches)

4.     IWS's claims for relief, in whole or in part, are barred by the doctrines of waiver, estoppels, and/or laches.

## Third Affirmative Defense (28 U.S.C. § 1498)

5.     IWS's claims for relief, in whole or in part, are barred by 28 U.S.C. § 1498.

## Fourth Affirmative Defense (35 U.S.C. § 287)

6.     IWS's claims for relief, in whole or in part, are barred by 35 U.S.C. § 287.

## Fifth Affirmative Defense (35 U.S.C. § 288)

7.     IWS's claims for relief, in whole or in part, are barred by 35 U.S.C. § 288.

## Demand for Jury Trial

SMC requests a trial by jury of all issues in this action.

## PRAYER FOR RELIEF

SMC prays for judgment as follows:

A.  That this Court dismiss IWS's claims against SMC and order that IWS take nothing from SMC;

B.  That this Court enter judgment in SMC's favor and declare that SMC does not infringe the patents-in-suit and that the patents-in-suit are invalid;

C.  That this Court award SMC all of its costs of this action;

D.  That this Court find that this is an exceptional case and award SMC its attorneys' fees pursuant to 35 U.S.C. § 285; and

E.  That this Court grant SMC such other and further relief as the Court shall deem just and proper.

Respectfully submitted,

O'KELLY ERNST & BIELLI, LLC

DATED:          January 13, 2014          By:     */s/ Sean T. O'Kelly*
                                                  Sean T. O'Kelly (4349)
                                                  Daniel P. Murray (5785)
                                                  901 N. Market Street, Suite 1000
                                                  Wilmington, DE 19801
                                                  sokelly@oeblegal.com
                                                  dmurray@oeblegal.com

                                                  *Attorneys for Defendant SMC Networks, Inc.*

OF COUNSEL:

Richard C. Vasquez
Jeffrey T. Lindgren
Eric W. Benisek
Robert S. McArthur
Stephen C. Steinberg
VASQUEZ BENISEK & LINDGREN LLP
3685 Mt. Diablo Blvd., Suite 300
Lafayette, CA  94549
Telephone: (925) 627-4250
Facsimile: (925) 403-0900
rvasquez@vbllaw.com
jlindgren@vbllaw.com
ebenisek@vbllaw.com
ssteinberg@vbllaw.com